## Murphy, Appellant, *v.* Seaboard Finance Company.

Argued January 9, 1958. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

*Charles F. Mayer,* with him *Stephen J. McEwen,* for appellant.

*Francis H. Hair,* with him *James N. Robertson,* for appellees.

Opinion Per Curiam, March 17, 1958:

The plaintiff, Murphy, was employed by the defendant finance companies as a branch office manager from 1948 until 1953, and during this period was licensed by the Commonwealth to act as an agent for the defendant insurance company. Pursuant to regulations of the finance companies, Murphy routinely issued policies of term insurance on the lives of all borrowers naming his employers as beneficiaries.

After the termination of his employment plaintiff brought this action to recover commissions on the insurance policies issued by him during the course of his employment. Murphy alleged in his complaint an oral agreement with the insurance company whereby he was to receive a commission of fifty per cent of the premiums paid for such policies.

At trial, being unable to produce evidence of an agreement with the insurance company, plaintiff moved to amend his complaint so as to include a count of *quantum meruit*. The trial judge refused to permit the amendment and at the close of plaintiff's case entered a nonsuit which the court *en banc* refused to remove. The amount in controversy being in excess of $5,000, the appeal was properly taken to this Court.

The judgment must be affirmed. Plaintiff failed to offer evidence that the services he rendered in writing policies of term life insurance were separate and distinct from the duties of his regular employment and that he was to receive compensation in addition to his salary for these services. The failure of plaintiff to offer such proof is fatal to his claim whether he proceeds upon the theory of an express contract for commissions or upon *quantum meruit* for the value of his services. *Cf. Birdsall-Friedman Co. v. Globe and Rutgers Ins. Co.*, 326 Pa. 404, 408, 190 Atl. 924 (1937). See 58 Am. Jur., Work and Labor, §34 at 538 (1948).

Parenthetically, it would seem most unusual that the finance companies would permit an employe, called upon to exercise honest judgment as to whether loan applicants were good credit risks, also to have a conflicting financial interest in approving applications regardless of credit ratings so as to maximize his insurance commissions.

Judgment affirmed.